NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ITZEL ARZATE HERNANDEZ, et al., | No. 23-834 |
| Petitioners, | Agency Nos. A206-917-584 & A206-917-585 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 1, 2024[**]
Pasadena, California

Before: R. NELSON, VANDYKE, and SANCHEZ, Circuit Judges.

Petitioners seek review of the Board of Immigration Appeals' (BIA) decision

dismissing their appeal of the denial by an Immigration Judge (IJ) of asylum,

withholding of removal, and Convention Against Torture (CAT) relief. We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). "We review the agency's decision under the highly deferential substantial evidence standard." *Id.* So while questions of law are reviewed de novo, findings of fact are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (emphasis in original) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)).

1. The agency's denial of Petitioner's asylum and withholding of removal claims is supported by substantial evidence.[1] For both claims, Petitioner must prove "a causal nexus between one of her statutorily protected characteristics" and that she suffered past persecution or has an objectively reasonable fear of future harm. *Rodriguez-Zuniga*, 69 F.4th at 1016. Statutorily protected characteristics include "race, religion, nationality, membership in a particular social group, [and] political opinion." 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *see also* 8 U.S.C. § 1231(b)(3)(A) (withholding of removal). But the BIA did not reach the issue of whether Petitioner's harms have a nexus to a protected characteristic, so that issue is not before us. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (stating that the

---

[1] Petitioners consist of the lead petitioner and her minor child. Because the minor child is included on the lead petitioner's application, we refer to the lead petitioner as Petitioner.

court's "review is limited to the actual grounds relied upon by the BIA") (internal quotation marks omitted).

"Persecution … is an extreme concept that means something considerably more than … harassment." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)) (internal quotation marks omitted). Petitioner's harms, which involved no physical harm, but only two extortionate phone calls and unrelated threats and attacks on family members, do not amount to past persecution. Accordingly, the record does not compel the conclusion that Petitioner suffered past persecution.

As for fear of future persecution, Petitioner remained in Mexico for two months following the two extortionate phone calls but received no further threats. And in nearly a decade since she left Mexico, her father and two of her brothers have continued to live in her hometown and have been neither threatened nor harmed. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) ("[F]ear of future persecution is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are *not* harmed." (cleaned up) (emphasis in original)). And finally, Petitioner provided insufficient evidence for why she could not move elsewhere within Mexico except for generalized cartel crime, and in fact she had previously travelled within Mexico without threat. 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution

if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality ….").  Accordingly, the record does not compel the conclusion that the Petitioner has a well-founded fear of future persecution.

2.  Substantial evidence likewise supports the agency's denial of CAT relief. "For CAT relief, the alien must prove that it is more likely than not that he or she would be tortured if removed to the proposed country … by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  *Rodriguez-Zuniga*, 69 F.4th at 1023 (internal citations and quotation marks omitted).  While the agency must consider all the evidence in deciding whether it is more likely than not that Petitioner would face future torture, "the existence of past torture is ordinarily the principal factor on which we rely." *Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) (internal citation and quotation marks omitted).  As discussed above, the extortionate phone calls and threats to her family do not rise to the level of persecution, let alone torture.  *See Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013) (describing how torture is a higher standard of harm than persecution).  And the other evidence, such as the lack of threats against Petitioner or her family since she left and her father's and two brothers' continuing safety in their hometown, all support the agency's conclusion that Petitioner is not likely to be tortured upon returning to Mexico.

**PETITION DENIED.**

4